UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LANE B. BAXTER,

       Petitioner,

       v.                                      Case No. 04-C-1120

JUDY P. SMITH, Warden,

       Respondent.

**DECISION AND ORDER ON RESPONDENT'S MOTION TO DISMISS PETITION**

### I. PROCEDURAL BACKGROUND

On November 17, 2004, the petitioner, Lane B. Baxter ("Baxter"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Accompanying his petition was an application to proceed in forma pauperis. Baxter's petition was originally assigned to the Honorable Charles N. Clevert, Jr. for processing. On September 7, 2005, Judge Clevert issued an order in which, among other things, he denied as moot Baxter's application to proceed in forma pauperis and ordered the respondent to file an answer or other responsive pleading on or before October 6, 2005. Thereafter, on October 6, 2005, the respondent filed a motion to dismiss Baxter's petition as an unauthorized or successive petition under 28 U.S.C. § 2244(b). In the meantime, on September 19, 2005, Judge Clevert reassigned the case to this court based on the parties' consent to proceed before a magistrate judge. On October 21, 2005, the petitioner filed his brief in response to the motion to dismiss. On October 31, 2005, counsel for the respondent filed a letter with the court indicating that the respondent would not be filing a reply in support of her motion to dismiss. The net result of the

foregoing is that the respondent's motion to dismiss is fully briefed and is ready for resolution. For the reasons which follow, the motion to dismiss will be granted.

## II. DISCUSSION

According to Baxter's petition and the respondent's motion, on April 15, 1992, in the Sheboygan County Circuit Court, Baxter was convicted of one count of first-degree sexual assault of a child in violation of Wis. Stat. § 948.02(1) and one count of second-degree sexual assault of a child. He was sentenced to four years imprisonment for the second-degree sexual assault conviction and was given a consecutive eight-year term of imprisonment for the first-degree sexual assault conviction. The state court stayed the latter sentence and placed Baxter on probation for ten years, consecutive to the four-year prison sentence. Baxter began his probation on July 3, 1996, after completing his prison term for the second-degree assault. He was revoked on May 23, 1998, and began serving the eight-year prison sentence that had been originally stayed for the first-degree assault. Subsequently, Baxter was convicted on first-degree sexual assault in Grant County, Wisconsin, and on January 22, 1999, was sentenced to ten years in prison for that offense, consecutive to his Sheboygan County sentence. Baxter did not appeal his Sheboygan County conviction. It thus became final on October 1, 1992, when the time for initiating his appeal expired, twenty days after sentencing. *See* Wis. Stat. § 809.30(2)(b) (1990-92) (defendant must file notice of intent to pursue postconviction relief within 20 days of sentencing).

On May 7, 1999, Baxter filed a petition for a writ of habeas corpus in this court, challenging his 1992 conviction, i.e., the very same conviction that he challenges in the instant petition. On July 1, 1999, United States District Judge Myron L. Gordon issued an order dismissing Baxter's petition

on the grounds that it had not been filed within the one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1).

Title 28 U.S.C. § 2244(b)(3)(A) requires petitioners to obtain permission from the court of appeals before filing second or successive habeas corpus petitions in the district courts. To be sure, "[n]ot every petition counts for purposes of § 2244(b), so in some cases later petitions are not considered second or successive under § 2244(b) and can be filed without permission from the courts of appeals." *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). However, as the court stated in *Altman*,

> Section 2244(b) requires petitioners to get permission from the courts of appeals before filing second or successive petitions in the district courts. Not every petition counts for purposes of § 2244(b), so in some cases later petitions are not considered second or successive under § 2244(b) and can be filed without permission from the courts of appeals. We have previously identified several cases in which prior petitions do not count because they suffer from technical or procedural deficiencies that the petitioners can rectify before refiling their petitions, but we have never decided whether a petition dismissed as untimely counts for purposes of § 2244(b). <u>We hold today that a prior untimely petition does count because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's claims.</u>

337 F.3d at 766 (emphasis added). In the instant case, Baxter is incapable of curing the defect found by Judge Gordon to exist in Baxter's's first petition challenging his 1992 conviction. This is because <u>any</u> petition filed by Baxter after April 24, 1997 (including this one) would be untimely filed under the Seventh Circuit's holding in *Newell v. Hanks*, 283 F.3d 827, 832-33 (7th Cir. 2002). It follows, therefore, that Baxter's instant petition is a second or successive petition for purposes of § 2244(b).

To reiterate, Title 28 U.S.C. § 2244(b)(3)(A) states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the

3

appropriate court of appeals for an order authorizing the district court to consider the application."
Without such authorization, this court lacks subject matter jurisdiction over Baxter's instant petition for a writ of habeas corpus, in which he challenges his 1992 conviction.

> The district court had no option other than to deny the petition. No matter how powerful a petitioner's showing, only this court may authorize the commencement of a second or successive petition. . . . From the district court's perspective, it is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.

*Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). Given the foregoing, this court has no alternative other than to dismiss Baxter's petition for lack of subject-matter jurisdiction.[1]

**NOW THEREFORE IT IS ORDERED** that Baxter's petition for writ of habeas corpus and this action be and hereby are **DISMISSED** for lack of jurisdiction.

**SO ORDERED** this  4th  day of November 2005, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

---

[1] Baxter is invited to review the procedures set forth in 28 U.S.C. § 2244(b). Additionally, the petitioner is directed to Circuit Rule 22.2 for the United States Court of Appeals for the Seventh Circuit, entitled "Successive Petitions for Collateral Review."